**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA EX REL.**
**CARLOS SHURICK,**

                **Plaintiff/Relator,**

**-vs-**                                                                 **Case No. 6:07-cv-1765-Orl-31GKJ**

**BOEING COMPANY, as agent for and/or**
**d/b/a BOEING SPACE OPERATIONS**
**COMPANY,**

                **Defendant.**

# ORDER

This matter came before the Court without oral argument upon consideration of Defendant's Motion to Dismiss (Doc. 22), Plaintiff's response in opposition thereto (Doc. 30), and Defendant's Reply (Doc. 34).

**I. Procedural History**

On September 8, 2008, Plaintiff, Carlos Shurick, as relator for the United States ("Plaintiff" or "Relator") in this *qui tam* action,[1] filed an Amended Complaint against Defendant, Boeing Company ("Defendant" or Boeing"), alleging, *inter alia*, that Boeing or one its subcontractors, Indyne, provided improperly fitted respirators to certain of its employees during the course of their performance of a government contract. Because Boeing or Indyne provided these improperly fitted respirators to its employees in violation of applicable federal safety

---

[1] The United States has chosen not to intervene in this case.

regulations,[2] Plaintiff contends that Boeing violated various provisions of the False Claims Act (the "FCA").[3] Specifically, Plaintiff alleges that Boeing presented false claims to the government under 31 U.S.C. § 3729(a)(1) (Count I), obtained payment for false claims under 31 U.S.C. § 3729(a)(2) (Count II), held and delivered less government property to the government than what was reflected on a receipt or certificate under 31 U.S.C. § 3729(a)(4) (Count III), certified false claims to the government under 31 U.S.C. § 3729(a)(5) (Count IV), and conspired with Indyne to present false claims to the government in contravention of 31 U.S.C. 3729(a)(3) (Count V).

Defendant has moved to dismiss the entire Amended Complaint pursuant to FED. R. CIV. P. 9(b) and 12(b)(6). This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## II. Background[4]

Plaintiff has alleged that Boeing entered into a contract with the National Aeronautic and Space Administration ("NASA") for the provision of Checkout, Assembly, and Payload Processing Services (i.e., the "CAPPS Contract"). Under the CAPPS contract, Boeing agreed to provide NASA with "all aspects of payload support, including the planning and receiving of payloads, payload processing, maintenance of associated payload ground systems, integration of payloads with the space shuttle, launch support and space shuttle post-landing payload activities"

---

[2] Plaintiff cites, for instance, to 29 C.F.R. § 1910.134 (an Occupational Safety and Health Administration (OSHA) regulation requiring, *inter alia*, that certain employers furnish their employees with respirators when necessary to protect the health of its employees).

[3] *See* 31 U.S.C. §§ 3729 *et seq*.

[4] The operative facts alleged in support of the Amended Complaint also form the predicate for a retaliatory-discharge suit brought by Plaintiff which is currently pending before the Court. *See Shurick v. Boeing Co.*, No. 6:07-cv-1974-ORL (M.D. Fla. 2007).

in connection with NASA's space shuttles, the International Space Station, and "expendable launch vehicles and other payload programs" (Doc. 17, ¶ 8). Part of Boeing's performance under the CAPPS contract allegedly involved the use of anhydrous ammonia – a toxic and potentially lethal substance.

As an employee of Boeing, Plaintiff's job responsibilities apparently included working with, or at least potentially being exposed to, the anhydrous ammonia which Boeing utilized in performance of the CAPPS contract. Because of this risk of exposure, Plaintiff alleges that the CAPPS contract required that Boeing employees who wore "corrective lenses for impaired vision be fit tested with respirators before training and certification with respirators [sic] that would seal against their faces and effectively secure their eyeglasses in place during use" (Doc. 17, ¶ 17). According to Plaintiff, however, Boeing failed or refused to properly "fit test" his and other Boeing employees' respirators, thereby endangering "scores of people" and violating the CAPP's contract (Doc. 17, ¶ 25).

In light of the foregoing safety violations, Plaintiff contends that Boeing knowingly presented false claims to the government for payment of services which required the use of properly fitted respirators by Boeing employees (Doc. 17, ¶ 22). Since October 1, 2002, Boeing allegedly submitted 120 or more claims for payment to the Government which allegedly required that Boeing employees be lawfully fitted and certified to use properly fitted respirators. As a result of these false claims, Plaintiff alleges that the United States has been damaged because NASA did not obtain the safe and lawful services which were required under the CAPPS contract (Doc. 17, ¶ 23).

Defendant seeks dismissal of the Amended Complaint primarily on two grounds. First, Defendant argues that Plaintiff has failed to plead fraud with the requisite particularity required by FED. R. CIV. P. 9(b). More precisely, Defendant contends that Plaintiff has failed to allege, i*nter alia*, exactly when and how Boeing made a false certification to the government. Second, and more fundamentally, Defendant contends that Plaintiff has failed to plead that any fraudulent claim was ever actually submitted to the government – only that Boeing rendered the services due under the CAPPS contract in an unsafe manner. The Court addresses these arguments, *infra*.

**III. Standard of Review**

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see*, *e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th

Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 1965.

## IV. Analysis

In pertinent part, the FCA imposes liability on any person who:

(1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval;

(2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government;

(3) conspires to defraud the Government by getting a false or fraudulent claim allowed or paid;

(4) has possession, custody, or control of property or money used, or to be used, by the Government and, intending to defraud the Government or willfully to conceal the property, delivers, or causes to be delivered, less property than the amount for which the person receives a certificate or receipt;

(5) authorized to make or deliver a document certifying receipt of property used, or to be used, by the Government and, intending to defraud the Government, makes or delivers the receipt without completely knowing that the information on the receipt is true...

31 U.S.C. § 3729(a) ("§ 3729(a)").

FCA claims are clearly subject to the heightened pleading requirements contained in FED. R. CIV. P. 9(b). *United States ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1308-09 (11th Cir. 2002). In addition, then, to pleading the basic elements of § 3729(a), an FCA relator must also plead the details of the allegedly fraudulent acts, when they occurred, and who engaged in

them. *Id*. at 1310 (citations omitted). It is not enough to plead fraudulent acts under the FCA based on information and belief. *Id*. (citations omitted). Furthermore, a relator must allege that a false claim was actually submitted to the government. *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1357 (11th Cir. 2006)("The submission of a false claim is the *sine qua non* of a False Claims Act violation...Without the presentment of a claim, there is simply not actionable damage")(internal quotations and citations omitted). Indeed, at least in the healthcare context, the Eleventh Circuit has held that the FCA "does not create liability merely for a health care provider's disregard of Government regulations or improper internal policies unless, as a result of such acts, the provider knowingly asks the Government to pay amounts it does not owe." *United States ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1311 (11th Cir. 2002).

Here, there is simply no allegation that Boeing failed to deliver the services contemplated by the CAPPS contract and then billed the government for those services, or even more generally, that Boeing ever submitted a claim to the government to pay amounts it did not owe. Rather, the entire thrust of the Amended Complaint is that Boeing provided the services under the CAPPS contract in a manner which was unsafe to certain of its employees and which failed to comply with certain government regulations. Plaintiff, however, has not offered any particularized allegations that Boeing ever submitted a claim which expressly conditioned payment on a certification that the services rendered were done so in compliance with applicable government regulations.

Indeed, the closest Plaintiff ever comes to making a particularized allegation of fraudulent submission of claims appears in paragraph 22 of the Amended Complaint. There, he states:

> From on or about October 1, 2002, until on or after July 11, 2007, Boeing knowingly presented or caused to be presented – or engaged in equivalent conduct – to an officer or employee of the United States false claims for payment of approval involving services

> requiring the use of properly fitted respirators by Boeing employees, when Boeing knew that its failure or refusal to properly fit Boeing employees with respirators violated the NASA contract and applicable laws, rules, and regulations.

(Doc. 17, ¶ 22).  Even assuming, *arguendo*, that Plaintiff's position at Boeing would have given him firsthand knowledge of these allegedly false claims,[5] that Plaintiff had included a copy of even a single bill or payment that was submitted to the government, and that Plaintiff had alleged specific dates (rather than a broad range) on which the claims were submitted, there is simply no allegation that Boeing defrauded the government out of any money which it did not properly owe.

It is questionable whether Boeing's alleged failure to properly fit Plaintiff's respirator would amount to a breach of the CAPPS contract.  But, even if it did, the mere technical breach of a minute aspect of a services contract does not give rise to a remedy under the FCA.  While the United States may be entitled to relief under a breach of contract theory and OSHA's regulations might be implicated, Plaintiff cannot state a claim for relief under the FCA on a theory of alleged safety violations.

---

[5] Plaintiff has only alleged that he was one of the employees who did not receive a properly fitted respirator – not that he was in a position to review or submit Boeing's claims for payment to the government.

### V.  Conclusion

For the foregoing reasons, Defendant's, Boeing Company, Motion to Dismiss (Doc. 22) is **GRANTED**.  Accordingly, it is hereby **ORDERED** that this case is **DISMISSED** with prejudice. The Clerk of the Court is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 21, 2008.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE